## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER P. QUEEN, | : |
| Plaintiff | : |
| v. | : Case No: 1:20-cv-1530-TSC |
| Midwest Recovery Systems, LLC *et al.*, | : |
| Defendants | : |

### DEFENDANT MIDWEST RECOVERY SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes Defendant Midwest Recovery Systems, LLC ("MRS") by and through its attorneys, THE LAW OFFICES OF RONALD S. CANTER, LLC, Ronald S. Canter, Esquire and Matthew W. Fogleman, Esquire and provides the following for its Answer to Plaintiff Christopher P. Queen's ("Queen") Complaint.

### Nature of Action

1. MRS admits that Plaintiff has made allegations under the FDCPA and the D.C. CPPA, but denies any wrongdoing or liability under those statutes.

### Jurisdiction, Venue, and Standing

2. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 2 and therefore MRS denies Paragraph 2.

3. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 3 and therefore MRS denies Paragraph 3.

4. MRS denies all allegations in Paragraph 4.

5. MRS denies all allegations in Paragraph 5.

6. MRS denies all allegations in Paragraph 6.

**The Fair Debt Collection Practices Act**

7. MRS denies all allegations in Paragraph 7.

8. MRS denies all allegations in Paragraph 8.

9. MRS denies all allegations in Paragraph 9.

10. MRS denies all allegations in Paragraph 10.

11. MRS states that the FDCPA speaks for itself and paragraph 11 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 11.

12. MRS states that the FDCPA speaks for itself and paragraph 12 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 12.

13. MRS states that the FDCPA speaks for itself and paragraph 13 does not require a response. To the extent that it does require a response, MRS denies the allegations in paragraph 13.

**Parties**

14. MRS admits that Plaintiff is a natural person but denies the remaining allegations in paragraph 14 of the complaint for lack of knowledge.

15. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 15 and therefore MRS denies Paragraph 15.

16. MRS admits that is an entity which is engaged in collecting past due accounts on behalf of third parties but denies any remaining allegations in paragraph 16 of the complaint for lack of knowledge.

17. MRS admits Paragraph 17.

18. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 18 and therefore MRS denies Paragraph 18.

19. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 19 and therefore MRS denies Paragraph 19.

### Factual Allegations

20. MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

21. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 21 and therefore MRS denies Paragraph 21.

22. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 22 and therefore MRS denies Paragraph 22.

23. MRS denies all allegations in Paragraph 23.

24. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 24 and therefore MRS denies Paragraph 24.

25. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 25 and therefore MRS denies Paragraph 25.

26. MRS denies all allegations in Paragraph 26.

27. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 27 and therefore MRS denies Paragraph 27.

28. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 28 and therefore MRS denies Paragraph 28.

29. MRS admits that Plaintiff is a natural person but denies the remaining allegations for lack of knowledge.

30. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 30 and therefore MRS denies Paragraph 30.

31. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 31 and therefore MRS denies Paragraph 31.

32. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 32 and therefore MRS denies Paragraph 32.

33. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 33 and therefore MRS denies Paragraph 33.

34. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 34 and therefore MRS denies Paragraph 34.

35. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 35 and therefore MRS denies Paragraph 35.

36. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 36 and therefore MRS denies Paragraph 36.

37. MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 37 and therefore MRS denies Paragraph 37.

38. MRS denies all allegations in Paragraph 38.

39. MRS admits that it is aware of the standards under the FDCPA and other applicable statutes but denies any remaining allegations in paragraph 39 of the complaint.

40. MRS admits that it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of past due accounts and regularly collects or attempts to collect, directly or indirectly, accounts owed or due, or asserted to be owed or due, another but denies any remaining allegations in paragraph 40 of the complaint.

41. MRS denies all allegations in Paragraph 41.

**Alleged Damages**

42. MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

43. MRS denies all allegations in Paragraph 43.

44. MRS denies all allegations in Paragraph 44.

45. MRS denies all allegations in Paragraph 45.

46. MRS denies all allegations in Paragraph 46.

47. MRS denies all allegations in Paragraph 47.

48. MRS denies all allegations in Paragraph 48.

**Causes of Action**
**Count I**
**Allegations Under the Fair Debt Collection Practices Act**
**15 .S.C. §§ 1692e, 1692e(2),1692e(8),1692e(10), 1692f, and 1692g(b)**

49. MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

50. MRS denies all allegations in Paragraph 50.

51. MRS denies all allegations in Paragraph 51.

52. MRS denies all allegations in Paragraph 52.

53. MRS denies all allegations in Paragraph 53.

**Count II**
**Allegations Under the D.C. Consumer Protection Procedures Act**
**D.C. Code § 28-3901 et. seq.**

54  MRS fully incorporates by reference the preceding paragraphs as if fully re-written herein.

55  MRS denies all allegations in Paragraph 55.

56  MRS lacks information or knowledge sufficient to form a belief about the truth of Paragraph 56 and therefore MRS denies Paragraph 56.

57  MRS denies all allegations in Paragraph 57.

58  MRS denies all allegations in Paragraph 58.

59  MRS denies all allegations in Paragraph 59.

60  MRS denies all allegations in Paragraph 60.

### Trial by Jury

61  MRS admits that Plaintiff demands a trial by jury but denies any remaining allegations in paragraph 61 of the complaint.

## AFFIRMATIVE DEFENSES

### Failure to State a Claim

1. Plaintiff failed to state claim upon which relief can be granted under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### Bona Fide Error Defense

2. To the extent that MRS is found to have violated the FDCPA, such violations were unintentional and the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such error, and thus, under 15 U.S.C. § 1692k, the complaint must be dismissed.

### Lack of Standing

3. Plaintiff lacks standing to bring this action against MRS.

### Lack of Jurisdiction

4. This Court lacks subject matter jurisdiction to grant the relief requested by Plaintiff.

### Contributory Negligence

5. Parties other than MRS may have caused or contributed to the damages that the Plaintiff claims to have suffered. MRS therefore raises the affirmative defense of contributory negligence.

### Comparative Negligence

6. Parties other than MRS may have caused or contributed to the damages that the Plaintiff claims to have suffered. MRS therefore raises the affirmative defense of comparative negligence.

**Fault of Other Parties**

7. Any violation of the law or injuries alleged by the Plaintiff were the fault of entities beyond the control of MRS.

WHEREFORE, the Complaint should be dismissed with prejudice, all of Plaintiff's requested relief denied, and MRS should be awarded its costs and fees in defending this action.

Dated: August 10, 2020

                                              Respectfully submitted,

                                              THE LAW OFFICES OF RONALD S. CANTER, LLC

                                              */s/ Matthew W. Fogleman*
                                              Ronald S. Canter, Esquire, #321257
                                              Matthew W. Fogleman, Esquire, #1029783
                                              200A Monroe Street, Suite 104
                                              Rockville, Maryland 20850-4424
                                              301.424.7490 (telephone) | 301.424.7470 (facsimile)
                                              rcanter@roncanterllc.com (e-mail)
                                              mfogleman@roncanterllc.com (e-mail)
                                              **Counsel for Defendant,**
                                              **Midwest Recovery Systems, LLC**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 10th day of August, 2020, a copy of the foregoing was mailed, first-class, postage pre-pad to:

Christopher P. Queen
1250 4th Street SW
Unit 103
Washington, DC 20024
***Plaintiff Pro Se***

                                         /s/ *Matthew W. Fogleman*
                                         Matthew W. Fogleman